**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Zaccardo, | No. CV-24-00767-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Horne Motors of Gilbert LLC, et al., | |
| Defendants. | |

The parties were before the Court for a Discovery Dispute Hearing on March 17, 2026, to address, among other things, three discovery disputes relating to Plaintiff Michael Zaccardo's proposed deposition of Robert C. Horne, Defendants' alleged discovery deficiencies, and Zaccardo's alleged discovery deficiencies.  (Docs. 65, 66, 67.)  Having considered the parties' written position statements and the arguments presented at the hearing, the Court issues the following findings and orders.

## I.      DISCOVERY DISPUTE NO. 1

The parties' Joint Discovery Dispute 1, (Doc. 67), concerns three related issues: (1) whether Robert C. Horne, Defendant Horne Motors of Gilbert, LLC's ("Horne Motors") majority owner, must sit for deposition; (2) whether Zaccardo's associated document request was timely; and (3) the proper scope of Zaccardo's noticed 30(b)(6) deposition topics.

### A.      Horne Deposition

Defendants seek to quash the deposition of Mr. Horne on the basis that he lacks

personal knowledge of Zaccardo's claims and that four other past and present managers with relevant knowledge are already scheduled for deposition. (*Id.* at 1–2.) At the hearing, defense counsel represented that Mr. Horne has executed a declaration to that effect, and the Court directed Defendants to file the declaration. Defendants filed the declaration. (Doc. 69.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(c) allows courts to limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this rule, "[c]ourts have recognized that seeking the deposition of a high-level executive within an organization (an apex deposition) creates a tremendous potential for abuse or harassment." *Topete v. City of Mesa*, 2020 WL 8872800, at \*1 (D. Ariz. 2020) (quotation marks omitted). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (quotation marks omitted.)

Having reviewed Mr. Horne's declaration, the Court finds that both prongs of the apex test weigh against permitting the deposition. As to the first prong, Mr. Horne declares that he is generally not involved in the day-to-day operations of Horne Motors, that his duties do not extend to routine personnel matters, and that he has no personal knowledge of the decisions to hire or terminate Zaccardo. (Doc. 69 at ¶¶ 5–10.) Mr. Horne further declares that Managers Josh Bauman and Gerald Marsh—defendants in this case—had independent authority to change Zaccardo's compensation plan and terminate his employment without Mr. Horne's approval, confirming that Mr. Horne possesses no unique, first-hand knowledge of the facts at issue. (*Id.* at ¶¶ 8–9.) As to the second prong, Zaccardo has not exhausted less intrusive discovery methods—Bauman and Marsh, the individuals with direct personal knowledge of the decisions at issue, are among the four managers already scheduled for deposition. Zaccardo will have a full opportunity to obtain

the relevant testimony from those witnesses.  Accordingly, the deposition of Mr. Horne will be quashed.

**B.    Rule 30(b) Document Request**

Defendants object to Zaccardo's document request served in connection with Mr. Horne's noticed deposition, arguing that it is an untimely Rule 34 production demand disguised as a Rule 30(b)(2) request.[1]  (Doc. 67 at 2.)  Zaccardo served a document request on March 4, 2026, in connection with Mr. Horne's noticed deposition, characterizing it as a Rule 30(b)(2) request incidental to that deposition.  (*Id.* at 2.)  The deadline for written discovery was February 27, 2026.  (*See* Doc. 45.)  The Court finds that the request is in substance a Rule 34 request for documents and that permitting it would circumvent the Court's discovery deadlines.  *A.S. v. Point Quest*, 2025 WL 3214616, at *5 (E.D. Cal. 2025) ("Plaintiff may not use document requests served with a deposition notice to circumvent the fact discovery deadline . . . .").  Accordingly, Zaccardo's document request will be denied as untimely.

**C.    30(b)(6) Topics**

Zaccardo noticed the 30(b)(6) deposition of Horne Motors and identified topics for examination.  Defendants object to several of those topics. The Court addressed each contested topic at the hearing and ruled on the record.  Those rulings are set forth below.

**1.    Topic 1 (Commission Calculations)**

Topic 1 concerns the calculation of Zaccardo's commissions over the course of his employment. (Doc. 67 at 2.)  Defendants object to Topic 1 as overbroad, arguing that the relevant period is limited because "there is no disclosed evidence of any commission dispute except for 4 months prior to termination." (*Id.*)  The Court overrules Defendants' objection.  The full period of Zaccardo's employment is a proper subject for 30(b)(6) examination on commission calculations, and Defendants' assertion that compensation changed only once does not justify limiting the scope of the topic.  Defendants, however,

---

[1]    In his position statement, Zaccardo erroneously characterized the request as a Rule 30(b)(5) request.  Rule 30(b)(2) is the proper provision governing document requests made in connection with a deposition notice

retain the right to raise appropriate objections during the deposition itself.

### 2.   Topics 2 and 8 (Corporate Structure and Management Authority)

Defendants "object to Topics 2 & 8 concerning the legal and operational management structure of [Horne Motors] and its decision-making procedures because it is overbroad and corporate authorization is not relevant or a disputed fact." (*Id.*)  The Court overrules Defendants' objections.  Zaccardo is entitled to understand who was making decisions at Horne Motors and what authority those individuals had to make them.  Defendants, however, retain the right to raise appropriate objections during the deposition itself.

### 3.   Topics 6 and 11 (Document Search and Production Procedures)

Topic 6 concerns the chain of custody for documents in this litigation from creation through production.  (*Id.*)  Topic 11 concerns the process by which documents were identified and produced in this litigation and in prior administrative proceedings, including the timing and circumstances of any documents produced after April 28, 2025.  (*Id.*)  Defendants object to both topics as vague and overbroad, arguing they are not limited to specific documents at issue.  (*Id.*)  At the hearing, Zaccardo contended that targeted examination on these topics is warranted given that documents were produced on the last day of written discovery after Defendants had previously certified completion of all production.  The Court partially sustains and partially overrules Defendants' objections.  The Court finds that Zaccardo is entitled to examine the 30(b)(6) witness about the efforts undertaken to find and produce responsive documents in this litigation—including why certain documents were not produced until the last day of the written discovery period— as assurance that a diligent search has been conducted and that all relevant and responsive documents have been produced.  However, the topics as written are overbroad and examination on this basis does not extend to every document in the case.  Examination will be permitted but narrowed to the procedures and efforts undertaken to search for and produce documents in this litigation.

### 4.    Topic 7 (Treatment of Other Service Advisors)

Topic 7 concerns "the Company's treatment of other service advisors employed during [Zaccardo's] employment with respect to: EPST [Earned Paid Sick Time] requests and approvals; performance documentation and discipline; and termination, including the reasons for and decision-making process behind any such terminations." (*Id.*) Defendants object to Topic 7 as overbroad and irrelevant, asserting "[t]here is no evidence of a differing EPST policy with respect to other service advisors." (*Id.*) Zaccardo contends that a June 9 EPST request was approved without prior authorization while his June 28 request was denied on exactly that basis, raising a legitimate comparator question that cannot be resolved on a bare assertion. (*Id.* at 3–4.) The Court sustains Defendants' objection in part. The Court finds the topic as written is overbroad. Examination of the 30(b)(6) witness on Topic 7 will be limited to documents and materials previously produced in this litigation relating to the disciplinary records of comparator service advisors.

## II.    DISCOVERY DISPUTE NO. 2

The parties' Joint Discovery Dispute 2, (Doc. 65), concerns Zaccardo's claims that Defendants have failed to fully comply with their discovery obligations. Specifically, Zaccardo contends that Defendants' February 18, 2026 Rule 26(g) certification of completed production was false when signed, that numerous documents remain unproduced, and that Defendants have engaged in active suppression of discovery materials through the use of an improper "AEO-CLAWBACK" designation. (*Id.* at 1–2.)

### A.  Rule 26(g) Certification

At the hearing, Zaccardo contended that Defendants' February 18, 2026 Rule 26(g) certification of completed production was false when signed, because Defendants produced additional responsive documents on February 27, 2026—the last day of written discovery. Defendants asserted that any supplemental production was part of an agreed process negotiated at the parties' meet and confer. The Court finds that the number of documents Zaccardo has identified as having been withheld and produced late raises sufficient concern to warrant further briefing. The Court makes no finding at this time as to whether

Defendants or their counsel engaged in improper conduct.  The Court will direct Zaccardo to file a supplement to Joint Discovery Dispute 2 no later than March 27, 2026.  The supplement shall include: (1) a list identifying each document Zaccardo contends was produced after Defendants' February 18, 2026 certification, with a brief description of each document and the date it was produced; and (2) a copy of each such document attached as an exhibit.  Defendants shall file a response no later than April 6, 2026.  For each document identified by Zaccardo, Defendants' response shall confirm whether the document had been previously produced prior to the February 18 certification and, if not, provide an explanation for why the document was not produced until after that date.

### B.    Outstanding Document Production

Zaccardo contends that numerous documents remain unproduced.  (*Id.* at 2.) However, the record does not contain sufficient detail to allow the Court to determine what specifically is missing.  (*See id.*)  Accordingly, Zaccardo shall also include in the supplement to Joint Discovery Dispute 2 a bullet-point list identifying every document he contends remains outstanding.  Defendants' response shall address each item on that list specifically, confirming whether the document has been produced and, if not, providing an explanation for why it has not been produced.

### C.    Attorney's Eyes Only Designations and Document Redactions

The third issue in Joint Discovery Dispute 2 concerns the designation of certain documents as Attorney's Eyes Only ("AEO") and Defendants' associated clawback demands.  (*Id.*)  At the hearing, Zaccardo contended that certain documents have been improperly designated AEO, that some documents have been re-produced with additional redactions after previously being produced without them, and that the inconsistent designations and redactions will interfere with his ability to use documents at upcoming depositions.

At the hearing, it became apparent that the parties had not adequately met and conferred on this issue prior to raising it with the Court, and that defense counsel was hearing the specifics of Zaccardo's concerns for the first time at the hearing.  The Court

declines to resolve this dispute at this time. The parties will be directed to meet and confer, at which time Zaccardo shall specifically identify each document at issue, and the parties shall attempt to reach agreement on whether designations should be withdrawn or modified and whether documents may be used in their unredacted form at depositions. If the parties are unable to reach agreement, they may raise the dispute with the Court in accordance with the procedures set forth in the Scheduling Order, (Doc. 20).

**III.    Discovery Dispute No. 3**

The parties' Joint Discovery Dispute 3, (Doc. 66), concerns alleged deficiencies in Zaccardo's own discovery responses. Defendants contend that Zaccardo has failed to produce documents responsive to RFP No. 9, which seeks records relating to medical leaves, FMLA requests, and accommodation requests; that Zaccardo has refused to return documents Defendants contend were improperly retained; and that Zaccardo's Fourth Supplemental Nonuniform Interrogatory ("NUI") response was untimely and inadequately notated. (*Id.* at 1–2.)

**A.  RFP No. 9**

Defendants contend that Zaccardo has failed to produce any documents responsive to RFP No. 9, which seeks records relating to medical leave requests, FMLA requests, and accommodation requests, and that Zaccardo missed the deadline to supplement his response. (*Id.* at 2.) At the hearing, Zaccardo represented that he does not have responsive documents, but his written position statement indicated that he would produce responsive documents within the relevant employment period, creating some ambiguity as to his actual position. Defendants clarified that they do not seek to compel production if no responsive documents exist, they simply seek a clear, supplemented response so the record is definitive. The Court finds that a supplemented response is warranted. Zaccardo will be directed to supplement his response to RFP No. 9 and either: (1) state that he has no responsive documents and explain the steps he took to reach that conclusion; or (2) produce any responsive documents he has withheld. Zaccardo must do so no later than March 24, 2026.

### B.    RFP No. 25

Defendants contend that Zaccardo is in possession of documents that were designated AEO, as well as documents Defendants contend were in his possession without authorization, and that despite several written demands, Zaccardo has not returned them. (*Id.* at 2.)  At the hearing, Defendants clarified that the AEO-designated documents at issue are summaries of other service advisors' compensation and performance, which were originally produced to Zaccardo's former counsel on an AEO basis.  Following counsel's withdrawal, those documents were transmitted to Zaccardo directly.

At the hearing, the Court raised the question of what legal basis exists for withholding AEO-designated documents from Zaccardo now that he is proceeding pro se. Defense counsel acknowledged that the primary concern is protecting the confidentiality of other employees' identifying information contained in those documents, and conceded that as a practical matter Zaccardo already has the documents.

The Court finds that compelling return of the documents at this stage is not warranted.  However, Zaccardo is required to comply with the Protective Order (Doc. 26) with respect to any AEO-designated documents in his possession.  If Zaccardo intends to use any such documents in depositions or filings, he must first meet and confer with defense counsel to reach agreement on how those documents will be handled.  If the parties cannot reach agreement, they may seek leave of the Court to address the issue in advance of the relevant deposition or filing.

### C.    Fourth Supplemental Nonuniform Interrogatory Responses

Defendants contend that Zaccardo's supplemental Nonuniform Interrogatory ("NUI") responses lacked notations identifying what was changed and were not accompanied by a verification.  (Doc. 66 at 2.)  Zaccardo responds that his Fourth Supplemental NUI was served on March 9, 2026, along with a redline comparison document showing all tracked changes from the Third Supplemental.  (*Id.* at 3.)  At the hearing, defense counsel indicated he had not received the redline.  Zaccardo represented that he would transmit the redline to defense counsel and confirmed that a verification had

already been included with the Fourth Supplemental.

Zaccardo will be directed to transmit the redline comparison document to defense counsel no later than March 24, 2026.  Upon receipt, Defendants indicated they seek no further relief on this issue.

Accordingly,

**IT IS ORDERED** that the deposition of Robert C. Horne is quashed.

**IT IS FURTHER ORDERED** that Defendants are not required to respond to Zaccardo's document request served March 4, 2026.

**IT IS FURTHER ORDERED** that Defendants' objections to Zaccardo's 30(b)(6) deposition topics are resolved as set forth in this order.

**IT IS FURTHER ORDERED** that Zaccardo shall file a supplement to Joint Discovery Dispute 2, (Doc. 65), no later than **Friday, March 27, 2026**.  The supplement shall include: (1) a list identifying each document Zaccardo contends was produced after Defendants' February 18, 2026 Rule 26(g) certification, with a brief description of each document and the date it was produced, and a copy of each such document attached as an exhibit; and (2) a bullet-point list identifying every document Zaccardo contends remains outstanding, with as much identifying information as is available for each item.  Defendants shall file a response no later than **Monday, April 6, 2026**, confirming for each document identified whether it had been previously produced prior to the February 18 certification and, if not, providing an explanation for why it was not produced until after that date, and addressing each outstanding document identified in Zaccardo's bullet-point list specifically.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding the AEO designations and document redactions raised in Joint Discovery Dispute 2.  Zaccardo shall specifically identify each document at issue, and the parties shall attempt to reach agreement on whether designations should be withdrawn or modified and whether documents may be used in their unredacted form at depositions.  If the parties cannot reach agreement, they may raise the dispute with the Court in accordance with the procedures set

forth in the Scheduling Order.

**IT IS FURTHER ORDERED** that Zaccardo is required to comply with the Protective Order (Doc. 26) with respect to any AEO-designated documents in his possession. If Zaccardo intends to use any such documents in depositions or filings, he must first meet and confer with defense counsel to reach agreement on how those documents will be handled. If the parties cannot reach agreement, they may seek leave of the Court to address the issue in advance of the relevant deposition or filing.

**IT IS FURTHER ORDERED** that Zaccardo shall supplement his response to RFP No. 9 no later than **Tuesday, March 24, 2026**. The supplemental response shall either: (1) state that Zaccardo has no responsive documents and explain the steps taken to reach that conclusion; or (2) produce any responsive documents that have been withheld.

**IT IS FURTHER ORDERED** that Zaccardo shall transmit the redline comparison document to defense counsel, accompanied by a verification, no later than **Tuesday, March 24, 2026**. This redline shall show all tracked changes from the Third Supplemental NUI to the Fourth Supplemental NUI.

**IT IS FURTHER ORDERED** that the case management deadlines in this matter are extended as follows:

1) Fact Discovery and Fact Witness Deposition Deadline is extended to **April 30, 2026**. This extension is for the sole purpose of resolving outstanding discovery disputes. The parties may proceed with depositions already noticed as of March 17, 2026. No new depositions may be noticed, and no new written discovery requests may be served.

2) Rebuttal expert disclosures, if any, are due by **May 14, 2026**.

3) Expert depositions shall be completed by **June 10, 2026**.

4) Final disclosure statements, amendments and/or supplements exchanged by **May 14, 2026**;

5) Dispositive Motions shall be filed by **July 15, 2026**.

///

**IT IS FURTHER ORDERED** that except as otherwise stated herein, the Rule 16 Scheduling Order issued on July 8, 2024, (Doc. 20; modified at Docs. 30, 32, 45), shall remain in effect.

Dated this 18th day of March, 2026.

_____
Honorable Sharad H. Desai
United States District Judge