**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Zaccardo,

        Plaintiff,

v.

Horne Motors of Gilbert LLC, et al.,

        Defendants.

No. CV-24-00767-PHX-SHD

**ORDER**

At issue are several matters arising from the parties' ongoing discovery disputes including Discovery Dispute 2 (Docs. 65, 71, 76, 77, 81, 84, 88), Discovery Dispute 4 (Docs. 80, 82, 89, 94), and Discovery Dispute 5 (Docs. 86, 90), and Defendants' Motion to Strike Zaccardo's Unauthorized Filings, (Doc. 91). Having considered the parties' written position statements, the arguments presented at the hearings, and the supplemental briefing, I issue the following findings and orders.

## I.    BACKGROUND

The parties were before me for a Discovery Dispute hearing on March 17, 2026, to address, among other things, discovery disputes relating to Defendants' alleged discovery deficiencies. (Doc. 68.) Following the hearing, I ordered supplemental briefing on Joint Discovery Dispute 2, (Doc. 65), to develop the record on Defendants' February 18, 2026 Federal Rule of Civil Procedure 26(g) certification and the documents Zaccardo contends remain outstanding. (Doc. 70 at 5–6.) Specifically, I directed Zaccardo to file (1) a list identifying each document he contends was produced after Defendants' February 18, 2026

certification ("February 18 certification"), with a brief description and date of production, along with copies attached as exhibits; and (2) a bullet-point list identifying every document he contends remains outstanding. (*Id.*) I directed Defendants to file a response confirming, for each document on Zaccardo's first list, whether it had been previously produced and, if not, providing an explanation for why the document was not produced until after that date, and addressing each item on Zaccardo's second list with specificity. (*Id.*) Zaccardo filed his list of documents he alleges were produced after the February 18 certification, together with his list of documents he contends remain outstanding. (Doc. 71.) Defendants filed a response to Zaccardo's list of documents produced after the February 18 certification, (Doc. 76), and provided an item-by-item response to the documents Zaccardo contends remain outstanding, (Doc. 77).

Defendants' item-by-item response, (*id.*), referenced agreed modifications between counsel to certain of Zaccardo's Requests for Production ("RFPs") but did not attach the underlying materials. I therefore ordered Defendants to file the underlying RFPs, responses, and any written stipulations, agreements, or correspondence reflecting modifications to the extent Defendants relied on such materials in their response, (*id.*). (Doc. 81.) Defendants filed the requested materials, (Doc. 84), and Zaccardo filed a response contending that the materials are selectively incomplete in a manner that obscures rather than informs the Court, (Doc. 88).

Additionally, in the period following the March 17, 2026 hearing, the parties presented two additional discovery disputes. Zaccardo filed his position summary on Discovery Dispute 4, (Doc. 80), Defendants separately filed their position the following day, (Doc. 82), and Zaccardo responded, (Doc. 89). Discovery Dispute 4 concerns four related issues: (1) Defendants' designation of certain documents as "Confidential—Attorneys' Eyes Only" ("AEO"), and their request for leave to amend the Protective Order, (Doc. 26), to replace the AEO designation with a new "Highly Confidential" designation; (2) Defendants' use of a "Clawback Designation" that does not appear in the Protective Order; (3) Defendants' redactions of customer and employee identifying information and

the adequacy of Defendants' privilege log; and (4) the use of unredacted documents at the remaining Rule 30(b)(6) deposition.  (Docs. 80, 82.)

Defendants then filed their position statement on Discovery Dispute 5, (Doc. 86), and Zaccardo responded, (Doc. 90).   Discovery Dispute 5 raises two issues: (1) Defendants' contention that Zaccardo failed to supplement his discovery responses in connection with Zaccardo's production of approximately 100 documents on February 27, 2026 and March 15, 2026; and (2) Defendants' contention that Zaccardo's February 26, 2026 disclosure of approximately 26 new fact witnesses was untimely and deficient. (Docs. 86, 90.)

In addition to the discovery disputes, on May 6, 2026, Defendants filed a Motion to Strike Zaccardo's Unauthorized Filings, (Doc. 91), seeking an order striking three of Zaccardo's filings: (1) Zaccardo's Response to Defendants' Notice of Compliance, (Doc. 88); (2) Zaccardo's Response to Discovery Dispute 4, (Doc. 89); and (3) Zaccardo's Response to Discovery Dispute 5, (Doc. 90).  Defendants seek relief under Federal Rule of Civil Procedure 12(f) and, in the alternative, under my inherent authority to manage my docket.  (*Id.* at 2.)  Defendants contend that the three filings were not authorized.  (*Id.*)

The parties appeared before me for another Discovery Dispute hearing on May 12, 2026 to address the foregoing matters.  At the hearing, I denied the Motion to Strike and heard argument on all the parties' filings on the discovery disputes, given that the discovery deadline has passed and the parties need rulings to move this case forward.

## II.     DISCOVERY DISPUTE 2

The parties' Joint Discovery Dispute 2, (Doc. 65), concerns Zaccardo's claims that Defendants have failed to fully comply with their discovery obligations.  Zaccardo contends that (1) Defendants' February 18 certification of completed production was false when signed; and (2) numerous documents remain unproduced.  (*Id.* at 1–2.)

### A.     Rule 26(g) Certification

Based on his contention that the February 18 certification was false when signed, Zaccardo requested "Relief: Order to show cause re: Rule 26(g)(3) sanctions against

- 3 -

counsel personally." (*Id.* at 2.)  Defendants asserted that any supplemental production was part of an agreed process negotiated at the parties' meet and confers that took place on February 18 and 20, 2026.  (*Id.* at 3.)

At the March 17, 2026 hearing, Zaccardo reiterated his position, contending the certification was false because Defendants produced additional responsive documents on February 27, 2026—the last day of written discovery.  Zaccardo emphasized the significance of several late-produced documents, asserting that discipline policies and a page from his employment application had been withheld, and that the application page would have triggered the Americans with Disabilities Act ("ADA") interactive process.  Zaccardo identified the latter document as Bates-numbered HMG000016.001.  Given the weight Zaccardo placed on these documents, I ordered supplemental briefing, (Doc. 70 at 5–6), so that I could review the late-produced documents firsthand before ruling on the Rule 26(g)(3) sanctions request.  Based on the record now before me, sanctions are not warranted.

### 1.    Legal Standard

Rule 26(g)(1)(B) requires an attorney or party responding to a discovery request to certify that every response or objection "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" is (i) consistent with the Federal Rules of Civil Procedure and warranted by existing law, (ii) not interposed for an improper purpose, and (iii) neither unreasonable nor unduly burdensome or expensive.  Fed. R. Civ. P. 26(g)(1)(B).  The Advisory Committee Notes accompanying Rule 26(g) reflect that the "reasonable inquiry" standard is satisfied "if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances . . . what is reasonable is a matter for the court to decide on the totality of the circumstances."  Fed. R. Civ. P. 26 advisory committee's note, 1983 amend., subdivision (g).  The certification speaks as of the time it is made; the duty to supplement discovery responses as new information becomes available is governed separately by Rule 26(e).  *Id.*  "The reasonableness of counsel's inquiry is measured by an objective standard and does not

require a showing of bad faith." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2020 WL 2838806, at *3 (N.D. Cal. 2020) (citation omitted). "If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

### 2.    The February 18 Certification

Zaccardo's argument rests on a flawed legal premise: that the February 18 certification was rendered "false" when Defendants produced additional documents nine days later. That is not the case—Rule 26(e) requires supplementation, and supplementation was specifically contemplated by Defendants' February 18 certification:

> Subject to the foregoing objections, Defendants, pursuant to Rule 26(e) and based on their current understanding of the Request, will supplement this Response if new or additional information is uncovered and will produce any additional non-duplicative, responsive, and non-privileged documents within a reasonable time, including correcting any incomplete or inaccurate information.

(Doc. 76 at 6.) This certification satisfies Rule 26(g): it confirms that Defendants believed they produced the relevant documents, and it acknowledges that supplementation under Rule 26(e) may be required and contains a commitment to make that supplementation. When Defendants did in fact supplement nine days later—following an intervening meet and confer on February 20, 2026—they did precisely what Rule 26(e) required them to do.

Defendants further represent that the parties held a series of meet and confers in February 2026 after Zaccardo began representing himself, including on February 10, February 18, and February 20, 2026. (*Id.* at 2–3.) According to Defendants, at the February 20 meet and confer, Zaccardo articulated for the first time specific additional requests, including records not maintained in his personnel file and records that would need to be recreated or reconstructed from source systems. (*Id.* at 3, 4, 5.) Defendants state that the February 27 production responded to those specific February 20 requests. (*Id.* at 4–5.)

A certification made on February 18 cannot be deemed "false when signed" because Defendants thereafter accommodated requests Zaccardo first articulated on February 20. Rule 26(g) is tested by what was reasonable to believe at the time of signing, not by the

wisdom of hindsight.

### 3.    The February 27, 2026 Supplemental Production

Even setting aside the timing issue, the documents Defendants produced on February 27 do not establish that defense counsel failed to make the reasonable inquiry required by Rule 26(g).  Defendants have explained that the February 27 production was comprised of two categories of records.  (Doc. 76 at 3–4; Doc. 76-2.)  The first category consists "primarily of double-sided pages" of materials in Zaccardo's personnel file.  (Doc. 76 at 3; Doc. 76-2 at 1.)   Defendants represent that these additional pages were inadvertently missed in the December 12, 2024 production and were produced "in line with the parties' meet and confer discussions of February 18 and February 20."  (Doc. 76-2 at 1.)  An inadvertent omission of back-side pages does not establish the kind of failure that Rule 26(g)(3) reaches.

The second category consists of documents Defendants describe as "[n]ewly requested documents by [Zaccardo] which Defendants were required to recreate or reconstruct documents that were not part of the original maintained files/records."  (Doc. 76 at 3; Doc. 76-2 at 2.)  Defendants represent that these materials were not part of Zaccardo's personnel file and were produced following Zaccardo's specific requests at the February 20 meet and confer.  (*Id.*)  Again, production of documents in response to requests first articulated after February 18 cannot render the February 18 certification deficient under Rule 26(g).

### 4.    The Documents Identified at the March 17 Hearing

At the March 17 hearing, Zaccardo framed two documents as particularly significant: (1) discipline policies, and (2) a page from his employment application, identified as Bates number HMG000016.001, which Zaccardo asserted was a document that would have initiated the ADA interactive process.  These representations contributed materially to my decision to order supplemental briefing.  Having reviewed the exhibits attached to Doc. 71, I find that Zaccardo's characterization of these documents at the hearing is not supported by the documents themselves.

HMG000016.001 is a page from Zaccardo's Application for Employment. (Doc. 71-2 at 3.) It includes a pre-printed question: "Are you capable of satisfactorily performing the essential job duties required of the position for which you are applying with or without a reasonable accommodation?" (*Id.*) Two check-boxes follow, marked "Yes" and "No." Neither box was checked. (*Id.*) A blank, unchecked question on a pre-employment application Zaccardo completed in 2019 does not bear the significance Zaccardo ascribed to it at the hearing. That the page was produced as a back-side page of Zaccardo's own application does not transform it into evidence of concealment; at most, it reflects that Defendants' 2024 production inadvertently omitted the reverse side of a document Zaccardo himself signed.

The "discipline policy" pages are generic, one-page "Process and Procedure" descriptions of how the employer uses verbal warnings and employee counseling reports. (*See e.g.,* Doc. 71-7 at 5.) These are generic policy documents, not documents specific to Zaccardo. (*See id.*) Regardless of whether these policy pages were produced earlier in other proceedings, their late production in this litigation does not, on this record, demonstrate the absence of reasonable inquiry that Rule 26(g)(3) requires. The substantive disciplinary documents themselves were produced in the initial production. The later production of generic policy pages attached to those already-produced warnings does not establish a Rule 26(g) violation.

In short, the two categories of documents Zaccardo emphasized at the March 17 hearing are neither the "smoking gun" concealment Zaccardo suggested nor documents whose later production calls the February 18 certification into question. The concerns that prompted me to order supplemental briefing have been addressed by the document-by-document record now before me. On that record, I cannot find that defense counsel's February 18, 2026 certification violated Rule 26(g)(1)(B) or that any violation occurred without substantial justification under Rule 26(g)(3). Zaccardo's request for an order to show cause and for sanctions against defense counsel personally will therefore be denied.

**B.      Outstanding Document Production**

In Joint Discovery Dispute 2, (Doc. 65), Zaccardo also contends that numerous documents remain unproduced.  At the March 17, 2026 hearing, Zaccardo was unable to identify with specificity which documents he believed were missing.  I ordered Zaccardo to file, as part of his supplemental briefing, a bullet-point list identifying every document he contends is outstanding, and ordered Defendants to address each item on that list specifically.  (Doc. 70.)  Zaccardo filed his list, (Doc. 71 at 9–13), and Defendants filed their response, (Doc. 77).  At the May 12, 2026 hearing, the parties addressed Zaccardo's list of outstanding documents, and I heard argument from both sides as to the disputed items.

### 1.      Legal Standard

Rule 34(b)(2)(B) requires a party responding to an RFP to either produce the requested documents or state with specificity the grounds for objecting.  Fed. R. Civ. P. 34(b)(2)(B).  "Absent evidence to the contrary, . . . [a party] is required to accept [the responding party's] response [that] no such documents exist." *Mootry v. Flores*, 2014 WL 3587839, at *2 (E.D. Cal. 2014); *see also Moran v. Pak*, 2017 WL 11632943, at *2 (C.D. Cal. 2017) ("[C]ourts do not grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced.").  The continuing duty to supplement under Rule 26(e) ensures that any responsive documents later identified will be produced.  Fed. R. Civ. P. 26(e).

### 2.      Disposition of Zaccardo's Outstanding-Items List

Zaccardo's list identifies items across twelve different RFPs, ranging from performance evaluations and personnel-file materials to internal management communications, repair-order packets, comparator productivity records, and a privilege log.  (Doc. 71 at 9–13.)  Defendants addressed each item on Zaccardo's list, (Doc. 77), and the parties further addressed certain items at the May 12, 2026 hearing.  The items on Zaccardo's list fall into five categories: (a) items as to which Defendants represent that all responsive documents have been produced; (b) items as to which the underlying RFP was

modified by agreement of counsel and Defendants represent that all responsive documents within the modified scope have been produced; (c) items as to which Zaccardo concedes he has in his possession; (d) items that fall outside the scope of the RFP as written or that do not exist; and (e) the repair order packets sought under RFP No. 17, which require further action.  I will address each category in turn, followed by a separate discussion of the privilege log.

a.    <u>Items for Which Defendants Represent All Responsive Documents Have Been Produced</u>

As to the following items on Zaccardo's list, Defendants represent in their written response, (Doc. 77), that all available responsive records have been produced: performance evaluations for 2020, 2021, and 2022 (RFP No. 2); the complete HR termination file (RFP No. 2); drug test records for 2020–2022 (RFP No. 2); August 21–22, 2023 vacation and time-off approval records (RFP No. 2); internal payroll records from July 31 to September 20, 2023 (RFP No. 2); Earned Paid Sick Time ("EPST") tracking records for employees during Zaccardo's employment (RFP No. 5); source records underlying HMG002564–HMG002568 (RFP No. 5); the commission document referenced as "see attached" in HMG000048 (RFP No. 6); formula used to calculate advisors' commissions (RFP No. 6); emails, texts, and communications among the six identified custodians regarding Zaccardo's EPST request, performance, discipline, and termination (RFP No. 14); the written EPST policy or changes in effect during Zaccardo's employment (RFP No. 19); and any procedure, instruction, or employee guidance governing how EPST was requested or used (RFP No. 19).  (*See* Doc. 77 at 5–14.)

I have reviewed Zaccardo's list and Defendants' written response, and have considered the parties' arguments at the May 12, 2026 hearing.  Defendants' representations are made by counsel as officers of the court and are subject to Rule 26(g) and the continuing duty to supplement under Rule 26(e).  Zaccardo has not identified, beyond his general assertion that documents remain outstanding, any specific basis to question the accuracy of Defendants' representations as to any particular item in this

category.  I accept counsel's representations and find no basis to compel further production as to the items addressed in this subsection.  *See Mootry*, 2014 WL 3587839, at *2.

b.        Items Subject to Agreed Modifications Between Counsel

As to the following items, Defendants represent that the underlying RFP was modified by agreement of counsel and that all responsive records within the modified scope have been produced: documents referring to EPST/Paid Time Off ("PTO") policies, changes, and communications of changes (RFP No. 5); the "CDK Monthly Sales Reports" and monthly commission calculation worksheets from September 2019 to September 2023 (RFP No. 9); internal communications relating to the August 2022, May 2023, and August 2023 commission changes (RFP No. 10); and the monthly productivity reports for all Service Advisors from February to July 2023 (RFP No. 15).  (*See* Doc. 77 at 6–12.)

At the May 12, 2026 hearing, Defendants identified the specific portions of Doc. 84 reflecting each agreed modification, including the relevant pages of the meet-and-confer transcript and supporting correspondence.  I have reviewed the cited portions of Doc. 84, and I am satisfied that the modifications were in fact agreed between counsel.  Defendants clarified at the hearing that, with respect to RFP No. 5, counsel had misspoken in characterizing the RFP itself as modified; the agreement was instead limited to a two-year temporal scope for communications of policy changes.  That clarification does not alter the analysis, as Defendants represent that all responsive records within that two-year scope— and in fact all responsive EPST policies, addendums, and time-off requests across the full employment period—have been produced.

With respect to RFP No. 15, Zaccardo raised at the hearing a concern that the parameters used to generate the produced productivity reports may differ from those used to generate reports produced in other proceedings.  Defendants represented that the reports were produced as maintained, and Zaccardo confirmed he has in his possession the comparison versions he believes reflect different parameters.  I find no basis to compel further production; any question concerning the parameters, authenticity, or admissibility of the reports may be addressed if it arises in connection with the merits.

Zaccardo is bound by the discovery agreements his prior counsel reached. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (a party "voluntarily chose [his] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"). I will not reopen agreements that were reached in good faith between counsel during the period when Zaccardo was represented.

c.    Items in Zaccardo's Possession

At the May 12, 2026 hearing, Zaccardo confirmed on the record that he is already in possession of several categories of documents on his outstanding-items list, either because he produced them himself in this litigation or because they have been produced.

With respect to the "May 5, 2023 email from Marsh to Service Advisors regarding the rental income exclusion from sales totals," referenced under both RFP No. 6 and RFP No. 10, (Doc. 71 at 10, 11), Defendants represented at the hearing that the email has been produced multiple times—by Zaccardo, by Defendants, and as part of subpoenaed materials—and Zaccardo confirmed that the document has been produced.

With respect to the monthly productivity reports for service advisors sought under RFP No. 15, (*id.* at 12), Zaccardo confirmed at the hearing that he is in possession of versions of those reports that he produced himself in this litigation, including versions reflecting the parameters he contends are missing from Defendants' production. Zaccardo confirmed on the record that he already has what he needs. As discussed in subsection (b) above, Defendants have also produced responsive reports within the agreed scope of redaction.

With respect to the commission calculation records and "CDK reports" sought under RFP No. 9, (*id.* at 11), Defendants represented at the hearing that Zaccardo himself produced versions of these records in his own document production, including records dating back to 2020. As discussed in subsection (b) above, Defendants have also produced commission records within the agreed temporal scope of April 2023 through July 2023.

With respect to the agency-proceeding records identified under RFP No. 16 (ICA DOL RETALIATION 000001–000644; ICA EARNED SICK TIME 000001–000296; ICA

WAGE CLAIM 000001–001004), (*id.* at 12), Zaccardo confirmed at the hearing that he produced these records himself and that all parties already possess them. As to the documents Defendants submitted to DES, ICA DOL, and EEOC, (*id.*), Defendants represent—and Zaccardo confirmed at the hearing—that those documents have been made available for inspection and that Zaccardo is in possession of the relevant documents. (Doc. 77 at 12–13.)

I will not order the production of documents that the requesting party already has in his possession.

#### d.    Items Outside the Scope of the RFP as Written

As to the following items, Defendants represent that the documents identified by Zaccardo either fall outside the scope of the RFP as written or do not exist: the Payroll Status Change Form authorizing a May 2023 rental income exclusion and the written authorization from Marty Jones for a May 2023 commission change (RFP No. 6); the complete repair order packets open and assigned to Zaccardo as of May 1, 2023 (RFP No. 10); the documents sought under RFP No. 11 concerning Zaccardo's individual X-Time software access and scheduling permissions; the IT-related documents concerning the replacement of Zaccardo's computer and the deactivation of his email account, and communications regarding unspecified "these actions" (RFP No. 14); and the supporting documents underlying the disciplinary entries in HMG000345–000377 and HMG000478–000480 (RFP No. 18). (Doc. 77 at 7–13.)

Having reviewed the text of each cited RFP and the items identified by Zaccardo, I agree that these items either fall outside the scope of the RFPs as written or, with respect to the Marty Jones authorization and Payroll Status Change Form, do not exist. Several of the items appear to be new requests for production framed as outstanding items. For example, the IT records concerning computer replacement and email deactivation are not encompassed by RFP No. 14's enumerated subjects and custodians, and the supporting documentation underlying disciplinary entries goes beyond the personnel files and disciplinary records sought by RFP No. 18. Zaccardo cannot use the supplemental briefing

- 12 -

process to expand the scope of his RFPs.  With respect to the Marty Jones authorization and the Payroll Status Change Form, Defendants represented at the hearing that no such documents exist; the commission plans signed by Marty Jones (for 2019 and August 2022) have been produced, and Defendant Bauman as general manager had authority to implement commission changes without separate written authorization.  I accept those representations.  The absence of these documents may be the subject of argument on the merits, but it cannot be the basis for an order compelling production of something that does not exist.  *See Mootry*, 2014 WL 3587839, at *2.

e.      Repair Order Packets

The only item on Zaccardo's list that requires follow-up is his request for complete repair order packets opened and assigned to Zaccardo on July 31, 2023, per RFP No. 17. (Doc. 71 at 12.)  Zaccardo contends that the repair order packets, as maintained in the ordinary course, consist of multiple components and that Defendants produced only single pages rather than full packets.  Defendants represented at the hearing that the copy they produced is the most complete version because it contains the financial data, but they acknowledged that different copies exist with varying information.  Defendants further represented that they offered Zaccardo the opportunity to inspect the originals in March 2026, and that Zaccardo did not appear for the inspection.

I will order the parties to proceed as follows.  By May 22, 2026, Defendants shall make available for inspection the original repair order packets responsive to RFP No. 17 at a mutually agreeable date and time.  Zaccardo shall attend the inspection and identify any pages of which he requests copies.  Defendants shall produce copies of the identified materials within fourteen days thereafter.  By May 20, 2026, the parties shall file a joint notice identifying the date on which the inspection will take place.

f.      Privilege Log

Zaccardo's list also seeks a privilege log identifying each document withheld or redacted on grounds of attorney-client privilege, work product, or any other asserted protection, as required by Rule 26(b)(5)(A).  (*Id.* at 13.)  Defendants, however, have already

- 13 -

produced a privilege log identifying the documents they have produced in redacted form, including documents redacted on the basis of attorney-client privilege, which Zaccardo attached to his own filing as Doc. 80-2. Defendants have therefore satisfied their obligation under Rule 26(b)(5)(A). No further privilege log is required.

## III.   DISCOVERY DISPUTE 4

Discovery Dispute 4 presents two principal questions: (1) the propriety of Defendants' redactions to produced documents; and (2) whether the operative Protective Order (Doc. 26) should be modified and/or Zaccardo's use of documents bearing an AEO designation restricted.

### A.   Defendants' Redactions

Zaccardo seeks an order compelling Defendants to produce unredacted copies of approximately 37 documents, including repair orders, disciplinary records of other employees, and service advisor productivity reports. (Doc. 80.) He also seeks waiver of Defendants' privilege and confidentiality claims as to documents he contends were not logged in compliance with Rule 26(b)(5)(A). (*Id.*)

At the May 12, 2026 hearing, Defendants represented that the redactions are narrowly tailored and limited to: (1) customer identifying information (names, addresses, phone numbers, and vehicle identifying information including make, model, VIN, and tag number); (2) employee personal identifying information, principally the names of other service advisors; and (3) in one or two instances, attorney-client communications between defense counsel and Defendants concerning this litigation. Defendants have produced a privilege/redaction log, (Doc. 80-2), identifying each redacted document, describing the document, and stating the basis for each redaction. I construe Defendants' opposition as a request, under Federal Rule of Civil Procedure 26(c), for a protective order authorizing the limited redaction of customer and employee identifying information from documents produced in this litigation.

Federal Rule of Civil Procedure 26(c)(1) authorizes courts, "for good cause," to issue an order "to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense," including by limiting disclosure of discovery materials. The party seeking protection bears the burden of showing good cause by demonstrating that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Additionally, Rule 26(b)(5)(A) requires a party withholding information on the basis of privilege to (i) expressly make the claim and (ii) describe the nature of the documents not produced "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Defendants have established good cause for the limited redactions at issue. With respect to employee identifying information, I am persuaded that redaction of the names of non-party employees from disciplinary records, productivity reports, and repair orders is appropriate to protect those employees from potential embarrassment or other prejudice arising from disclosure of personnel and performance information in litigation to which they are not parties. The substantive content of the documents has not been redacted, and Zaccardo therefore has access to the information relevant to his case. The names of those individual employees are not necessary to evaluate that information for discovery purposes.

With respect to customer identifying information, I likewise find good cause for the limited redactions. The redacted information—customer names, addresses, phone numbers, and vehicle identifiers (make, model, VIN, and tag number)—has no apparent relevance to any claim or defense in this employment case, which concerns Zaccardo's compensation, his use of paid sick leave, and the circumstances of his July 2023 termination. Defendants further represent that Zaccardo competed in the automotive service industry during a substantial portion of the discovery period, and although Zaccardo represents that he has not been employed in the industry since October 2025, he was so employed for the majority of the discovery period in this case. Protection of customer identifying information from a former employee who competed in the same industry is reasonable and supported by good cause.

Zaccardo's specific challenges to the redactions do not alter this conclusion.

Zaccardo identified Bates number HMG000958–959 as an example of an improper redaction. I reviewed Defendants' explanation and the redaction log entry for that document. (Doc. 80-2 at 6.) The redaction is limited to the attorney-client communications that appear in the document. The remainder of the document is produced unredacted. The redaction is properly supported by the attorney-client privilege, and the log adequately describes the basis for the redaction. Zaccardo's objection to this redaction will be overruled.

Zaccardo also identified the repair order at Bates number HMG000068.003 of the redaction log (HMG000068.001–.004) as a document for which he disputes the basis for redaction. (*Id.* at 1.) Zaccardo contends that Defendants have redacted not only customer identifying information but also lines on the repair order itself bearing on Defendants' contention that he improperly applied a coupon twice—the conduct Defendants cite in support of his termination as to this transaction. At the hearing, Defendants represented that the only information redacted is customer identifying information (customer name, address, phone number, and vehicle identifying information). I ordered Defendants to submit the document for in camera review. (*See* Doc. 94.) I have conducted an in camera review of the redacted and unredacted versions of HMG000068.001 through HMG000068.004. I find that the only information redacted from those pages is customer identifying information and employee identifying information, consistent with Defendants' representations. The redactions are properly maintained under the Rule 26(c) protective order granted herein. Zaccardo's objection to the redactions on HMG000068.001–.004 will be overruled.

As to Zaccardo's request that I find Defendants' privilege and confidentiality claims waived under Rule 26(b)(5)(A), the request will be denied. Defendants produced the documents at issue with redactions and provided a log identifying each redacted document, describing the document, and stating the basis for each redaction. That log enables Zaccardo, who possesses the documents themselves in redacted form, to identify what has been withheld and on what basis.

Accordingly: (1) Defendants' request for a protective order under Rule 26(c) authorizing redaction of customer and employee identifying information will be granted; (2) Zaccardo's request to compel production of unredacted copies of the documents identified in Doc. 80-2 will be denied; and (3) Zaccardo's request for a finding of waiver under Rule 26(b)(5)(A) will be denied.

### B.    AEO and "Clawback" Designations, and the Protective Order

Zaccardo seeks an order (1) striking the AEO designations Defendants have applied to certain documents, and (2) striking the "Clawback" designations Defendants have applied to certain documents, on the grounds that the AEO designation operates as a de facto bar on a pro se litigant's review of his own discovery and that "Clawback" is not a category authorized by the Protective Order. (Doc. 80 at 2.) Defendants, conversely, seek (1) leave to file an amended protective order replacing the AEO designation with a new "Highly Confidential" designation, and (2) an order requiring Zaccardo to return all unredacted AEO-designated documents in his possession, on the grounds that the existing AEO category was not designed for a pro se litigant and is necessary to protect documents allegedly removed from Defendants without authorization.  (Doc. 82 at 3.)

### 1.    AEO Documents and Request for Return of Documents

As a preliminary matter, Defendants' request that Zaccardo return the unredacted AEO documents in his possession will be denied.  As I observed at the hearing, the horse is out of the barn: Zaccardo already has the documents, having obtained them both through Defendants' prior production to his then-counsel and, allegedly, from sources outside the discovery process.  Ordering their return at this stage would not afford Defendants any meaningful additional protection.  The documents will instead remain subject to the Protective Order's existing confidentiality provisions and may be used only for purposes of this litigation.  (*See* Doc. 26 at 6.)

That leaves the question of how those documents should be designated.  As Defendants themselves acknowledge, the AEO designation "was not intended" to apply to a pro se litigant, (Doc. 82 at 3), and on the present record Defendants have not made the

particularized showing of good cause that Rule 26(c) requires to support a designation that effectively denies a party access to discovery in his own case. No amendment to the Protective Order is necessary, however, because the existing "Confidential" designation already affords the protections Defendants legitimately seek: documents so designated may be used only in connection with this litigation and are subject to the use and disclosure restrictions set forth in the Protective Order. (Doc. 26 at 6.) Accordingly, Defendants' request to amend the Protective Order to substitute a "Highly Confidential" designation will be denied, and all documents currently designated "Confidential–For Counsel Only" (i.e., AEO) will be deemed redesignated as "Confidential" under the existing Protective Order.

### 2.    Clawback Designations

Relatedly, Zaccardo contends that Defendants have employed a "Clawback Designation"—purporting to require the return of certain documents—that does not appear in the Protective Order, (Doc. 26), and seeks an order striking that designation. (Doc. 80.) Defendants did not address this argument in their position summary. (*See* Doc. 82.) For substantially the same reason set forth above, this request will be granted. The "Clawback Designation" is not a category contemplated by the Protective Order and therefore has no independent force, and I will not order the return of documents in Zaccardo's possession. The documents to which Defendants have applied the "Clawback" designation will instead be governed by the Protective Order's existing confidentiality provisions.

### 3.    Use of Documents at the Remaining Rule 30(b)(6) Deposition

At the May 12, 2026 hearing, the parties disputed whether the Rule 30(b)(6) deposition of Defendant Horne Motors of Gilbert, LLC remains open. Defendants represented that the deposition was completed on April 28, 2026, although they acknowledged that the parties may yet present a dispute regarding topics Zaccardo contends were not adequately addressed. Zaccardo represented that the deposition remains ongoing. I will not resolve that dispute here and will direct the parties to meet and confer. To the extent the deposition remains open, Zaccardo may use the redesignated AEO

documents at that deposition, subject to the "Confidential" designation set forth above. Any portion of the deposition testimony concerning such documents may be designated "Confidential" in accordance with the procedures set forth in the Protective Order.

### 4.    Zaccardo's Request for Expenses Under Rule 37(a)(5)

Zaccardo requests an award of expenses under Federal Rule of Civil Procedure 37(a)(5). If a motion for protective order or motion to compel is granted, a court generally must order "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, a court must not order such payment if the opposing party's position "was substantially justified" or if "other circumstances make an award of expenses unjust." *Id.* I find that Defendants' positions on the redactions and the existing Protective Order designations were substantially justified, and that the mixed relief obtained on the present dispute makes an award of expenses unjust. I therefore decline to award expenses.

## IV.    DISCOVERY DISPUTE 5

Discovery Dispute 5 raises two issues: (1) Defendants' contention that Zaccardo failed to supplement his discovery responses in connection with Zaccardo's production of approximately 100 documents on February 27, 2026 and March 15, 2026; and (2) Defendants' contention that Zaccardo's February 26, 2026 disclosure of approximately 26 new fact witnesses was untimely and deficient. (Doc. 86.)

### A.    Supplementation of Discovery Responses

Defendants seek an order compelling Zaccardo to serve compliant supplemental responses identifying the documents, information, and witnesses responsive to each request, disclosing whether any documents have been withheld, and avowing that each response is complete, as well as an order requiring Zaccardo to map his newly produced documents to corresponding Bates ranges from prior productions. (Doc. 86.) Defendants' principal concern, as articulated at the hearing, is that Zaccardo's discovery responses do not affirmatively certify that his production is complete and that no responsive documents

are being withheld.

Zaccardo represents that he served Third Supplemental Responses to Defendants' Request for Production No. 9 and Fourth Supplemental Responses to Defendants' Interrogatories Nos. 5–25, with redlines, on March 21, 2026, and that defense counsel acknowledged receipt of those supplemental responses in writing on March 24, 2026. (Doc. 90.)

Zaccardo, appearing pro se, represented on the record at the May 12, 2026 hearing that his responses to all of Defendants' discovery requests are complete and that he is not withholding any responsive documents. That representation resolves the substance of Defendants' first request. Zaccardo is reminded that his on-the-record representation is binding and that he remains under a continuing duty to supplement under Rule 26(e) to the extent he later learns that his responses are incomplete or incorrect.

Defendants' request for an order compelling Zaccardo to map newly produced documents to corresponding Bates ranges from prior productions will be denied, as Defendants' did not argue this issue at the May 12 hearing.

**B.    Disclosure of Twenty-Six Additional Fact Witnesses**

Defendants seek automatic exclusion under Rule 37(c)(1) of the approximately twenty-six fact witnesses Zaccardo disclosed on February 26, 2026. (Doc. 86.) Defendants contend that the disclosure was untimely, that the descriptions of each witness's anticipated testimony are inadequate, and that they have had no opportunity to conduct discovery regarding these witnesses now that the fact discovery period has closed. Zaccardo contends that the disclosure was timely, that the witnesses are Defendants' own current and former employees and customers whose identities and roles were already known to Defendants, and that the disclosure was substantially justified in light of his January 23, 2026 transition to pro se representation. (Doc. 90.)

I decline to resolve the exclusion issue on the present record. Defendants' request to exclude witnesses is more properly raised through a motion in limine on a developed record, with full briefing, than through the expedited discovery dispute procedure. I will

not extend fact discovery to permit further inquiry into any witnesses newly disclosed by either party; fact discovery is closed, subject only to the inspection and any continued deposition addressed in this Order.

Defendants' request for automatic exclusion of the 26 fact witnesses under Rule 37(c)(1) will be denied without prejudice to renewal by appropriate motion.

Accordingly,

**IT IS ORDERED** that Zaccardo's request for an order to show cause and for Rule 26(g)(3) sanctions against defense counsel personally is **DENIED**.

**IT IS FURTHER ORDERED** that Zaccardo's request to compel further production of the documents identified on his outstanding-items list (Doc. 71) is **DENIED**, except as to the repair order packets sought under RFP No. 17, which are addressed below.

**IT IS FURTHER ORDERED** that, with respect to the complete repair order packets open and assigned to Zaccardo on July 31, 2023, sought under RFP No. 17:

(a) By **May 22, 2026**, Defendants shall make the original repair order packets available for inspection at a mutually agreeable date and time;

(b) Zaccardo shall attend the inspection and identify any pages of which he requests copies;

(c) Defendants shall produce copies of the identified materials within fourteen (14) days following the inspection; and

(d) By **May 20, 2026**, the parties shall file a joint notice identifying the date on which the inspection will take place.

**IT IS FURTHER ORDERED** that Zaccardo's request for a finding that Defendants' privilege and confidentiality claims are waived under Rule 26(b)(5)(A) is **DENIED**.

**IT IS FURTHER ORDERED** that Zaccardo's request to compel production of unredacted copies of the documents identified in Doc. 80-2 is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for a protective order under Federal Rule of Civil Procedure 26(c) authorizing the limited redaction of customer and

employee identifying information is **GRANTED**.

**IT IS FURTHER ORDERED** that Zaccardo's objections to the redactions of HMG000958–959 and HMG000068.001–004 are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' request that Zaccardo return the unredacted AEO documents in his possession is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request to amend the Protective Order to substitute a "Highly Confidential" designation is **DENIED**.

**IT IS FURTHER ORDERED** that all documents currently designated "Confidential–For Counsel Only" (i.e., AEO) under the Protective Order (Doc. 26) are hereby **REDESIGNATED** as "Confidential" under the Protective Order.

**IT IS FURTHER ORDERED** that Zaccardo's request to strike Defendants' "Clawback Designation" is **GRANTED**.

**IT IS FURTHER ORDERED** that, to the extent the Rule 30(b)(6) deposition of Defendant Horne Motors of Gilbert, LLC remains open, Zaccardo may use the redesignated documents at that deposition subject to the "Confidential" designation under the Protective Order, and the parties shall meet and confer regarding any remaining dispute as to whether the deposition remains open.

**IT IS FURTHER ORDERED** that Zaccardo's request for an award of expenses under Federal Rule of Civil Procedure 37(a)(5) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for an order compelling Zaccardo to serve compliant supplemental responses is **DENIED AS MOOT** in light of Zaccardo's on-the-record representation that his responses are complete and that no responsive documents are being withheld.

**IT IS FURTHER ORDERED** that Defendants' request for an order compelling Zaccardo to map newly produced documents to corresponding Bates ranges from prior productions is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for automatic exclusion of the approximately 26 fact witnesses disclosed by Zaccardo on February 26, 2026, under

Rule 37(c)(1) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Zaccardo's Unauthorized Filings, (Doc. 91), is **DENIED**.

Dated this 19th day of May, 2026.

_____
Honorable Sharad H. Desai
United States District Judge